J-S11017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AZSION UPSHUR, | |
| Appellant | No. 730 WDA 2016 |

Appeal from the PCRA Order entered March 31, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0012739-2012.

BEFORE:  OLSON and RANSOM, JJ.,  and STEVENS, P.J.E. *

MEMORANDUM BY RANSOM, J.:                                    **FILED MAY 10, 2017**

Appellant, Azsion Upshur, appeals *pro se* from the order entered March 31, 2016, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   We reverse and remand with instructions.

The pertinent facts and procedural history, as gleaned from our review of the certified record, are as follows.  On May 20, 2013, a jury found Appellant guilty of robbery and criminal conspiracy for his part in an incident wherein he and two other men robbed a local drug-dealer.  A co-defendant shot the victim, who subsequently died of his injuries.  On August 5, 2013, the trial court sentenced Appellant to an aggregate term of 10 to 20 years of imprisonment.  The trial court denied Appellant's timely-filed motion for sentence modification.  Appellant timely filed an appeal, and this Court

_____
* Former Justice specially assigned to the Superior Court.

affirmed, finding Appellant's claims waived. ***See Commonwealth v. Upshur***, 120 A.3d 376 (Pa. Super. 2015) (unpublished memorandum).

On April 20, 2015, Appellant sent correspondence to the PCRA court, in which he indicated his desire to seek post-conviction relief, and he filed an actual PCRA petition on August 14, 2015. In response, the PCRA court appointed counsel to assist Appellant in either filing a proper PCRA petition or a "no-merit" letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA counsel filed a "no-merit" letter on October 29, 2015. By order entered November 9, 2015, the PCRA court directed PCRA counsel to file an amended petition or proper "no-merit" letter. Thereafter, PCRA counsel filed another "no-merit" letter and petition to withdraw.

On February 25, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. On March 3, 2016, the PCRA granted PCRA counsel's motion to withdraw. By order entered March 31, 2016, the PCRA court dismissed Appellant's petition. On or about April 27, 2016, Appellant filed a *pro se* notice of appeal and requested new counsel. The PCRA court appointed present counsel, and present counsel filed an amended notice of appeal. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issue:

1. Whether the trial court denied Appellant's Constitutional Right to Counsel by dismissing Appellant's [PCRA] claims because PCRA counsel provided ineffective assistance by filing a turner/finley [sic] no merit letter when meritorious issues existed?

Appellant's Brief at 4.

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). We will not disturb findings that are supported in the record. *Id.* The PCRA provides no absolute right to a hearing, and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are utterly without support in the record. *Id.*

Within his brief, Appellant acknowledges that claims of ineffectiveness of PCRA counsel cannot be raised for the first time on appeal; rather PCRA counsel's alleged ineffectiveness must be raised in response to the PCRA court's Pa.R.A.P. 907 notice. *See* Appellant's Brief at 15-16 (citing cases finding waiver). Nevertheless, Appellant contends that he was not given the opportunity to respond to the PCRA court's notice of intent to dismiss because he was transferred to a different correctional institution during the litigation of his PCRA petition, and, therefore, did not promptly receive his mail. The Commonwealth concedes that the record establishes Appellant promptly notified the clerk of courts and the PCRA court that he was

transferred from SCI-Pittsburgh to SCI-Smithfield, and that the Rule 907 notice was mailed to Appellant at SCI-Pittsburgh. **See** Commonwealth's Brief at 8-9.

Thus, the Commonwealth agrees with Appellant that he may not have had the opportunity to raise a challenge to PCRA counsel's representation in a timely response to the PCRA court's Rule 907 notice. The Commonwealth further states:

> Your Honorable Court has found that the notice requirement of Pa.R.Crim.P. 907(1) is mandatory. **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000). Given this principle, and the fact that [Appellant] has been appointed [present] counsel, the Commonwealth suggests that it may be appropriate to remand the matter so that [the PCRA court] may consider the claims [present] counsel has raised, which your Honorable Court may not otherwise review. Pa.R.A.P. 302(a).

Commonwealth's Brief at 12.

We agree that a remand is appropriate given the circumstances presented. We therefore reverse the order denying Appellant's request for post-conviction relief and remand so that the PCRA court may consider the claims of ineffectiveness raised by present counsel.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/10/2017