J-S06029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT CARTER, | |
| Appellant | No. 1195 EDA 2016 |

Appeal from the PCRA Order entered March 24, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0007203-2011.

BEFORE:  MOULTON, RANSOM, and FITZGERALD,* JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 16, 2017**

Appellant, Robert Carter, appeals *pro se* from the March 24, 2016 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history, as gleaned from our review of the certified record, are as follows.  On April 5, 2011, police observed Appellant operating a stolen car, activated their lights and sirens, and began following the vehicle.  Instead of pulling over, Appellant ran a stop sign and accelerated.  A high speed-chase ensued, which ultimately ended when Appellant hit another car and crashed into a building.  Appellant's passenger, who was his good friend, was ejected upon impact and died at the scene.

_____

*Former Justice specially assigned to the Superior Court.

The person in the other car also suffered serious injury, as well as three pedestrians who were standing on the sidewalk waiting for a bus.

On February 13, 2013, a jury convicted Appellant of third-degree murder, homicide by vehicle, and related charges. On April 19, 2013, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years of imprisonment. Appellant filed a post-sentence motion, which the trial court denied on August 6, 2013. Appellant timely filed an appeal to this Court, in which he challenged the sufficiency and weight of the evidence supporting his convictions, as well as a claim that the trial court abused its discretion in allowing the Commonwealth to introduce evidence that, on three prior occasions, he had fled from police while operating a motor vehicle or ATV. In an unpublished memorandum filed on July 15, 2014, we rejected Appellant's claims and, therefore, affirmed his judgment of sentence. *Commonwealth v. Carter*, 105 A.3d 791 (Pa. Super. 2014) (unpublished memorandum).

Appellant timely filed a PCRA petition in which he raised certain claims of ineffective assistance of trial counsel. After a change of appointed-counsel, PCRA counsel ultimately filed a "no-merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1]

---

[1] Originally-appointed counsel filed a *Turner*/*Finley* letter, that the PCRA court deemed inadequate. The PCRA court permitted that counsel to
*(Footnote Continued Next Page)*

On February 22, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. By order entered March 24, 2016, the PCRA court dismissed Appellant's PCRA petition. This appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Within his brief, Appellant asserts that the PCRA court erred in denying his PCRA petition without first holding an evidentiary hearing because he raised a genuine issue of material fact as to whether trial counsel was ineffective for failing to: 1) object to the *nolle prosequi* of the involuntary manslaughter charge and request that the jury be instructed on this lesser-included offense; 2) investigate and present witnesses on his behalf; 3) object to his removal from the courtroom without the trial court conducting a colloquy to ensure that the waiver of his presence was knowing and intelligent; 4) object to the autopsy report when the coroner who conducted the autopsy did not testify at trial; 5) object when inadmissible hearsay was introduced at trial and submitted to the jury to consider in establishing malice; 6) object when evidence of prior bad acts was admitted where such bad acts were actually dismissed and therefore inadmissible; and 7) to file a pre-trial motion asserting the violation of his speedy trial rights. **See** Appellant's Brief at 4. We will address these claims in the order presented.

*(Footnote Continued)* ───────────

withdraw and appointed PCRA counsel. **See** PCRA Court Opinion, 6/20/16, at 1-2.

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). We will not disturb findings that are supported in the record. *Id.* The PCRA provides no absolute right to a hearing, and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are utterly without support in the record. *Id.*

Because Appellant's claims challenge the stewardship of trial counsel, we apply the following principles. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. ***Commonwealth v. Douglas***, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. ***Douglas***, 645 A.2d at 232.

Appellant first claims that trial counsel was ineffective for failing to object to the withdrawal of the involuntary manslaughter charge and for failing to request that the jury be instructed on that crime because it is a lesser included offense of homicide by vehicle.

This Court has summarized:

> There is no requirement for the trial judge to instruct the jury pursuant to every request made to the court. In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law.
>
> A defendant is entitled to a [jury] charge on a lesser-included offense only where the evidence has been made an issue in the case **and the evidence would reasonably support such a verdict**. Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury.

- 5 -

*Commonwealth v. Phillips*, 946 A.2d 103, 110 (Pa. Super. 2008) (citations omitted). "An offense may be considered a lesser included offense if each and every element of the lesser offense is necessarily an element of the greater offense." *Commonwealth v. Brandon*, 79 A.3d 1192, 1194 (Pa. Super. 2013).

Here, the PCRA court determined that the evidence presented would not support an involuntary manslaughter conviction:

> In order to establish that [Appellant] was guilty of homicide by vehicle, the Commonwealth was required to prove that [he] caused the death of [the victim] by acting recklessly or with gross negligence, while violating any law or ordinance applying to the operation of a motor vehicle. 75 Pa.C.S. § 3732; *Commonwealth v. Pedota*, 64 A.3d 634 636 (Pa. Super. 2013). In order to establish that [Appellant] was guilty of involuntary manslaughter, the Commonwealth would have to prove that [he] caused the death of [the victim] by doing an act in a reckless or grossly negligent manner. 18 Pa.C.S. § 2504(a); *Pedota*, 64 A.3d at 636. Therefore, homicide by vehicle includes all the elements of involuntary manslaughter, plus the additional requirement that the death was caused while violating the [Vehicle Code]. Accordingly, trial counsel would have been entitled to request that involuntary manslaughter be submitted to the jury if a reasonable juror could have found [Appellant] guilty of involuntary manslaughter but not guilty of homicide by vehicle.
>
> The evidence at trial, however, clearly established the contrary. In particular, there was overwhelming evidence that [Appellant's] reckless and grossly negligent conduct consisted of multiple violations of the [Vehicle Code].
>
> ***
>
> [T]he evidence demonstrated that [Appellant] recklessly and with gross negligence caused [the victim's] death by driving through a red light at a high rate of speed, thereby violating the laws applying to a motor vehicle. Because no

- 6 -

reasonable juror could have found [Appellant] guilty of involuntary manslaughter, but not guilty of homicide by vehicle, any request by trial counsel to submit the involuntary manslaughter charge to the jury would have been rejected.

PCRA Court Opinion, 6/20/16, at 6-7.

Our review of the evidence presented at trial supports the PCRA court's conclusions. Trial counsel cannot be found ineffective for pursuing a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Thus, Appellant's first issue fails.

In his second issue, Appellant claims that trial counsel was ineffective for failing to call the victim's sister to testify on his behalf. *See* Appellant's Brief at 15. In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005).

During the final day of the proceedings, trial counsel informed the court that she had been approached by members of the victim's family, and that the victim's sister "has requested to testify during the trial regarding the relationship between the two." N.T., 2/13/13, at 82. The trial court agreed with trial counsel's assessment that such testimony was

"inappropriate" and more relevant as a victim impact statement at sentencing. *Id.* The trial court then informed the victim's sister that she had no relevant evidence for trial, but that she could testify at sentencing. *See id.* at 83. Given these circumstances, the only *Hall* factor at issue is whether the absence of testimony from the victim's sister prejudiced Appellant. According to Appellant, "[h]ad the jury been provided the opportunity to consider [his] friendship with the [victim] coming from a victim herself, a reasonable probability exists that the results would have been different." Appellant's Brief at 15.

The PCRA court found no merit to Appellant's claim:

> [A]ny evidence regarding [Appellant's] relationship with the [victim] would have been irrelevant. The [victim] was a passenger in a car being recklessly driven by [Appellant] at the time of the crash that led to the charges in this case. There was never any contention that [Appellant] intended to harm the [victim]. Therefore, evidence of a close relationship between [Appellant] and the [victim] would not, in any manner, have refuted the Commonwealth's case.

PCRA Court Opinion, 6/20/16, at 8. We agree. Moreover, after reading the trial transcripts, it is clear that the jury was aware, via arguments made by both the prosecutor and trial counsel, that Appellant and the victim were good friends. *See*, *e.g.*, N.T., 2/11/13, at 223 (in opening to the jury, the prosecutor asserts the circumstances ultimately resulting in the victim's death "started out for [Appellant] and his friend as a joy ride in a stolen vehicle"); N.T., 2/13/13 at 90 (in closing to the jury, trial counsel states that

"two young guys out in a fancy Acura, driving around for a joy ride" ends up in a tragic accident where "one of the people in the car, who is good friends with [Appellant], is deceased"). Once again, trial counsel cannot be faulted for failing to pursue this meritless claim. *Loner*, *supra*.

In his third issue, Appellant asserts that trial counsel was ineffective for failing to object when he was removed from the courtroom without the trial court first conducting a waiver colloquy. We agree with the PCRA court's conclusion that this claim is waived because it does not appear in Appellant's *pro se* petition, or in a Pa.R.Crim.P. 907 response, and is thus inappropriately raised for the first time on appeal. *See generally*, Pa.R.A.P. 302(a); *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014). Appellant's attempt to circumvent waiver by alleging a "layered ineffectiveness claim" with regard to his first-court appointed post-conviction counsel, *see* n.1, is unavailing. *See* Appellant's Brief at 16. The fault for failing to raise this claim via his original petition, or in response to the PCRA court's Pa.R.Crim.P. 907 notice, lies wholly upon Appellant himself.

Moreover, Appellant's claim is specious. A review of the record reveals that the only reason no colloquy was conducted was because Appellant refused to respond to the trial court's attempt to provide him with one. *See* N.T., 2/13/13, at 41-42. Nevertheless, the record also establishes that Appellant was moved to the back of the courtroom where he could hear the proceedings, and that he decided to return to the courtroom prior to the

court's charge to the jury. *See id.*, at 45-47; 142-143. Thus, Appellant's third issue fails.

In his fourth issue, Appellant argues that trial counsel was ineffective for failing to object to the admission of the autopsy report introduced through the testimony of a forensic pathologist, because the report was introduced to establish an element of the crimes charged, but the author of the report did not testify. According to Appellant, his inability to cross-examine the coroner who conducted the autopsy violated his rights under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. *See* Appellant's Brief at 17-19.

The PCRA court found Appellant's ineffectiveness claim to lack arguable merit:

> Under Pennsylvania law, a medical examiner who did not perform the autopsy at issue in the case may still testify as to the cause and manner of death provided that the testifying expert is qualified and sufficiently informed so as to be able to render his or her own opinion. ***Commonwealth v. Buford***, 101 A.3d 1182, 1198 (Pa. Super. 2014) (*citing **Commonwealth v. Ali***, 10 A.3d 282, 306-307 (Pa. 2010)). Here, Dr. Allison Hunt, performed [the victim's] autopsy, but was no longer employed by the Philadelphia Medical Examiner's Office by the time of [Appellant's] trial. N.T., 2/13/13 at 55. As a result, Dr. Aaron Rosen reviewed Dr. Hunt's report, as well as autopsy photos and toxicology reports. N.T., 2/13/13 at 54-55. Dr. Rosen testified that, after reviewing these materials, he formed his own, independent opinions and conclusions regarding [the victim's] death. N.T., 2/13/13 at 55. Although Dr. Hunt's report was reviewed by Dr. Rosen and admitted into evidence, Dr. Rosen never revealed any of Dr. Hunt's opinions or conclusions and the report was never presented to the jury. Because Dr.

> Rosen reached his own independent conclusions regarding cause and manner of death after reviewing the materials in the file, his opinions were properly admitted even though Dr. Hunt had performed the autopsy. **Buford**, 101 A.3d at 1198.

PCRA Court's Opinion, at 9-10. We agree with the PCRA court's conclusions that Appellant's underlying claim regarding the autopsy report is meritless. Thus, trial counsel cannot be deemed to be ineffective for failing to object to this admissible evidence. **Loner**, **supra**.

In his fifth issue, Appellant argues that trial counsel was ineffective for failing to object when inadmissible hearsay was introduced to the jury to consider in establishing malice. According to Appellant:

> [He] has a 5[th] Amendment Right to remain silent and not be a witness against himself. This right was stripped when the Commonwealth called Matthew Gavula to testify. Gavula testified to a statement purportedly made by Appellant which the jury was instructed to consider in determining the mens rea of Appellant on the most serious offense, third degree murder. Trial counsel failed to object and thus, prejudiced Appellant as he was convicted on inadmissible hearsay.

Appellant's Brief at 19.

Matthew Gavula was one of the first responders that spoke with Appellant upon arriving at the crash scene. Mr. Gavula was the first witness called by the Commonwealth and testified that when he asked Appellant what happened, a "[t]ypical question on an accident scene," Appellant responded, "They were chasing me." N.T., 2/11/13, at 268. Mr. Gavula then asked Appellant to whom he was referring, and Appellant stated "[t]he

police." *Id.* Trial counsel did not object to this testimony, and she did not question Mr. Gavula further regarding Appellant's statement.

The PCRA court found no merit to Appellant's claim because Mr. Gavula's testimony was not inadmissible:

> Out-of-court statements made by a party offered against that party at trial are admissible under an exception to the hearsay rule. Pa.R.E. 803(25). As the statement at issue was made by [Appellant], and offered by the Commonwealth, its admission did not contravene the hearsay rule. *Id.*

PCRA Court Opinion, 6/20/16, at 10-11. We agree with the PCRA court's conclusion. Appellant's statement to Mr. Gavula qualified as an "admission of a party opponent" under the exception to the hearsay rule. *See* Pa.R.E. 803(25); *Commonwealth v. Weiss*, 81 A.3d 767, 800 (Pa. 2013) (explaining witness's testimony that the defendant threatened to shoot the police if they knocked at his door was admissible under Pa.R.E. 803(25)). Thus, because trial counsel cannot be deemed ineffective for failing to raise a meritless objection, *Loner*, *supra*, Appellant's fifth issue fails.

In his sixth issue, Appellant argues that trial counsel was ineffective for failing to object to the Commonwealth's admission of evidence of a prior bad act committed by Appellant in 2007 because that proceeding was dismissed in its entirety. *See* Appellant's Brief at 20. Our review of the record supports the PCRA court's conclusion that this claim is waived because it was not raised in Appellant's *pro se* petition or in response to the PCRA court's Pa.R.Crim.P. 907 notice. *See* PCRA Court Opinion, 6/20/16, at

- 12 -

11 (citing *Rigg*, *supra*). Nevertheless, we note that this Court rejected Appellant's challenge to the admissibility of these prior incidents into evidence. *See Carter*, *supra*, memorandum opinion at 10-13. Thus, the claim has been previously litigated under the PCRA, *see* 42 Pa.C.S.A. § 9544(a), and Appellant's sixth claim fails.

In his final issue, Appellant asserts that trial counsel was ineffective for failing to file a pretrial motion asserting that his right to a speedy trial under Pa.R.Crim.P. 600 was violated. Once again, our review of the record supports the PCRA's court's conclusion that this claim was not preserved below and, therefore, is inappropriately being raised for the first time on appeal. *See* PCRA Court Opinion, 6/20/16, at 11 (citing *Rigg*, *supra*).

In sum, Appellant's seven claims of trial court's ineffectiveness are either without merit, refuted by the record, or waived. Thus, the PCRA court did not err or abuse its discretion in failing to schedule an evidentiary hearing. We therefore affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017