J-S50036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMAR J. EDWARDS, | |
| Appellant | No. 1917 EDA 2016 |

Appeal from the PCRA Order entered June 2, 2015,
in the Court of Common Pleas of Northampton County,
Criminal Division, at No(s): CP-48-CR-0004090-2010.

BEFORE:  PANELLA, MOULTON, and RANSOM, JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED SEPTEMBER 27, 2017**

Appellant, Demar J. Edwards, appeals *pro se* from the June 2, 2016 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history as gleaned from our review of the certified record are as follows:  On November 29, 2007, Appellant and three accomplices entered an apartment located in Easton.  Three of the men ran upstairs to a third floor bedroom, after which Appellant and one of his accomplices shot and killed three victims execution-style.

Investigation of these murders spanned several years.  Appellant was arrested on September 1, 2010, and charged with three counts of criminal homicide and three counts of criminal conspiracy.  Prior to trial, the Commonwealth filed notice of aggravated circumstances and its intention to

seek the death penalty. On September 15, 2011, the trial court granted the Commonwealth's motion to join Appellant's trial with one of his co-defendants, and it denied Appellant's motion for severance.

Prior to the start of trial, the Commonwealth and Appellant reached an agreement whereby in exchange for the Commonwealth's forgoing the death penalty, Appellant agreed to proceed with a bench trial rather than a jury trial. On November 3, 2011, the trial court found Appellant guilty of three counts of first-degree murder and three counts of conspiracy. Thereafter, Appellant was sentenced to an aggregate term of three, consecutive life terms. Following the denial of his post-sentence motion, Appellant filed an appeal to this Court. We affirmed his judgment of sentence on June 11, 2013. *See Commonwealth v. Edwards*, 82 A.3d 458 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 83 A.3d 167 (Pa. 2013).

Appellant timely and *pro se* filed a PCRA petition on November 21, 2014. The PCRA court appointed counsel, who filed an amended petition. Evidentiary hearings were held on three days in April 2015. Both trial counsel and Appellant testified. By order entered June 2, 2015, the PCRA court denied the petition.

On October 5, 2015, Appellant *pro se* filed a petition requesting permission to appeal *nunc pro tunc*. The PCRA court granted Appellant's request and appointed new counsel. Counsel filed Pa.R.A.P. 1925(b) statement of concise statement of errors complained of on appeal on July 5, 2016.

On September 19, 2016, new counsel filed an application to stay the appeal, an application to remand, and an application to withdraw with this Court. On October 11, 2016, this Court remanded and directed the PCRA court to conduct a **Grazier**[1] hearing. After conducting this hearing, the PCRA court granted counsel's application to withdraw and permitted Appellant to proceed *pro se*. Thereafter, Appellant *pro se* filed a Rule 1925(b) statement, and the PCRA court filed its Pa.R.A.P. 1925(a) opinion.[2]

Appellant's *pro se* brief does not contain a statement of questions involved pursuant to Pa.R.A.P. 2116. Rather, he lists the following issues under his "Table of Contents:"

1. Did the [PCRA] court [err] in dealing with the ineffectiveness of trial counsel and "appeal counsel."

2. Did the [PCRA] court [err] in dealing with prosecutorial misconduct from the information of Josh Oliver.

3. Did the PCRA court [err] in finding that trial counsel was [not] ineffective for failing to complete the mitigation investigation, for a jury trial #4 and #3 of [Appellant's Rule] 1925(b) response?

4. Did the PCRA court [err] in finding that trial counsel was not ineffective for failing to call witness Eugenio Torres and Jacob Christine as [a] witness for [Appellant's] trial?

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] Although this Court initially dismissed the appeal due to Appellant's failure to file a brief, we subsequently reinstated the appeal.

5. Did the PCRA court [err] in finding that counsel was [not] ineffective for failing to investigate a letter from Rommell Thompson, a [C]ommonwealth witness?

6. The PCRA court erred in finding that trial counsel was [not] ineffective for failing to properly investigate the case.

7. Did the [C]ommonwealth violate [Appellant's] rights under the 14th Amendment [o]f Due Process of the Pennsylvania Constitution and the United States Constitution, at the trial and Post Trial Proceeding?

Appellant's Brief at ii (unnumbered).

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). We will not disturb findings that are supported in the record. *Id.* The PCRA provides no absolute right to a hearing and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are utterly without support in the record. *Id.*

Because a majority of Appellant's claims challenge the stewardship of trial counsel, we apply the following principles. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests;

- 4 -

and, (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Within his brief, Appellant fails to develop any meaningful argument regarding his ineffectiveness claims and the tripartite test stated above. In fact, other than a "Summary of Argument," which essentially restates his ineffectiveness claims, and asserts several more, *see* Appellant's Brief at 1, Appellant provides no supporting argument. This Court has stated:

> While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceedings must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (internal punctuation modified; citation omitted). The *Rivera* panel reiterated that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Id.* Stated differently, Appellant has failed to provide

this Court with a brief that would permit us to conduct meaningful appellate review. Thus, we hold that Appellant has waived all the above claims.

Recognizing his failure to provide an argument section, Appellant has filed an application to amend his brief, in which he includes one. The Commonwealth opposes Appellant's application. We deny the application. Nevertheless, even were we to grant it, we would still find waiver based upon the scant and irrelevant citations put forth by Appellant. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (explaining when "an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citation omitted).

Application to Amend denied. Order affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>*9/27/2017*</u>