J-S55030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| FELIX O. RODRIGUEZ-SAEZ, JR. | |
| Appellant | No. 535 MDA 2017 |

Appeal from the PCRA Order December 7, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004210-2013

BEFORE: DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 16, 2017**

Appellant, Felix O. Rodriguez-Saez, Jr., appeals from the order entered

December 7, 2016, denying his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts have been summarized previously by this Court:

The facts underlying [Appellant's] arrest and conviction are as follows.  On August 27, 2013, Detectives David McQuate and Michael Rowe, County Detectives with the Berks County District Attorney's Office, were conducting surveillance of the zero hundred block of Neversink Street in Reading, Pennsylvania.  At approximately 12:52 p.m., they observed a man arrive on a BMX[-]style bicycle.  He had a conversation with another individual wearing a white tank top, later identified as [Appellant].  The man on the bike pulled away, but circled and came back to the curb line.  Meanwhile, [Appellant] walked to a fountain on Neversink Street, and knelt down.  He then returned to the man on the bicycle.  At that time, the detectives observed the man on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

bicycle take money from his waistband and engage in a hand-to-hand transaction with [Appellant]. After the man on the bike left the area, the detectives continued surveillance of [Appellant] for approximately 30 minutes, during which time he walked into a breezeway between 6 and 8 Neversink Street several times.

The detectives radioed a description of [Appellant] to the arrest team, which included Detective John Lackner. When Detective Lackner approached, [Appellant] was with a Hispanic female and counting $12.00 he held in his hand. [After providing Appellant with **Miranda** warnings, and Appellant agreed to speak to him without counsel present,] [t]he detective engaged [Appellant] in conversation, and while doing so, noticed two rubber bands on his fingers, which the detective immediately recognized as the type used in heroin packaging. When Detective Lackner began talking to him about heroin, [Appellant] admitted that he sold heroin to support his own habit. As the conversation continued, [Appellant] claimed he was only a user of the drug, not a seller. [Appellant] was then placed under arrest.

Upon a search incident to arrest, the officers recovered two working cell phones, two blue glassine packets containing heroin, and $83.00 in U.S. currency from [Appellant's] person. No paraphernalia typical of a heroin user was recovered on or near [Appellant]. While Detective Lackner was talking to [Appellant], other officers searched the fountain area and breezeway, where they recovered additional packets of heroin and cocaine.

*Commonwealth v. Rodriguez-Saez*, 121 A.3d 1138, *2-3 (Pa. Super. 2015) (unpublished memorandum) (citations and footnotes omitted).

On June 11, 2014, a jury convicted Appellant of possession with intent to deliver (heroin) and two counts of drug possession (heroin and cocaine).[1] That same day, the trial court sentenced him to an aggregate term of three to twelve years of incarceration. Following the denial of a post-sentence motion, Appellant timely appealed to this Court. In our decision, filed April

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

22, 2015, we agreed with appellate counsel's assessment that the appeal was frivolous and, therefore, affirmed Appellant's judgment of sentence and permitted counsel to withdraw. **Id.** at *12.

While his direct appeal was still pending, Appellant *pro se* filed a petition for collateral relief. Procedurally, this was improper. **See Commonwealth v. Leslie**, 757 A.2d 985, 985 (Pa. Super. 2000) ("A PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights.") (emphasis removed). As the court did not act upon Appellant's petition until after his direct appeal was resolved, we decline to quash Appellant's petition. **But see Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003).

On July 21, 2016, the PCRA court held an evidentiary hearing. At the hearing, Appellant and prior counsel testified. The PCRA court took the matter under advisement and permitted the parties to file legal memoranda. By opinion and order entered December 7, 2016, the PCRA court denied Appellant's petition. The docket indicates that on December 8, 2016, notice of the disposition was sent to Appellant, at the Berks County Jail, and to PCRA counsel. **See** Proof of Service, 12/8/16, at 1.

On January 24, 2017, Appellant *pro se* filed a "petition for reconsideration," averring that Appellant had symptoms of a mental illness at the time of his sentencing; that his sentence was excessive; and that Appellant had not received notice of the disposition of his PCRA petition. **See** Petition for Reconsideration, 1/24/17, at ¶¶ 1-6. The PCRA court denied Appellant's petition and noted that while Appellant appeared to be appealing

the dismissal of his PCRA petition, he had not timely filed said appeal. **See** Order, 2/15/17, at 1.

On March 7, 2016, Appellant *pro se* filed several items. First, Appellant responded to the PCRA court's February order, claiming that he had not received notice of the dismissal of the PCRA, and had not been contacted by counsel. **See** Defendant's Response to Order, 3/7/17, at 1. Second, Appellant filed a "post-sentence motion to modify sentence." **See** Post-Sentence Motion to Modify Sentence, 3/7/17, at 1. Finally, Appellant purported to file a notice of appeal to this Court from his judgment of sentence.[2]

That same day, the PCRA court issued an order granting Appellant reinstatement of his PCRA appellate rights *nunc pro tunc*. That order stated that after reviewing the record, the PCRA court found that Appellant did not receive the order dismissing his petition. **See** Order, 3/7/17, at 1. The court noted that Appellant had recently been reincarcerated on new charges around the time the order was issued, "causing confusion as to where the defendant was located." **Id.**

Essentially, based upon our review of the record, the PCRA court accepted Appellant's *pro se* filings as a second petition seeking collateral relief and asserting that governmental interference, in this instance a breakdown of

---

[2] This appeal, docketed in this Court at 527 MDA 2016, was later quashed as being untimely filed. **See Commonwealth v. Rodriguez-Saez, Jr.**, 325 MDA 2017.

- 4 -

the judicial system, had prevented Appellant from preserving his PCRA rights. We note that while it is

> the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule . . . Normally, failure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal . . . [However,] [t]he Supreme Court of Pennsylvania has recently noted that it has allowed PCRA petitioners some leeway in the preservation of claims in their petitions when [the Court] determined that the circumstances demanded it.

*See Commonwealth v. Blackwell*, 936 A.2d 497, 500 (Pa. Super. 2007) (internal citations and quotations omitted) (holding that PCRA court's erroneous notice to petitioner amounted to government interference excusing untimely filing of subsequent PCRA petition); *see also Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (noting that while generally an appellate court cannot extend the time for filing an appeal, this general rule does not affect the power of the courts to grant relief in the case of a breakdown in the processes of the court). Accordingly, the PCRA court properly granted Appellant his PCRA appellate rights *nunc pro tunc*.

On March 24, 2017, Appellant filed a notice of appeal from the order dated December 7, 2016. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the PCRA court issued a responsive opinion.

Appellant raises the following issue for our review:

1. Did the PCRA [c]ourt err in finding that Appellant had not been denied his constitutional right to effective assistance of counsel

- 5 -

when his trial counsel failed to adequately investigate and prepare for trial?

Appellant's Brief at 4.

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). We will not disturb findings that are supported in the record. *Id.* The PCRA provides no absolute right to a hearing, and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are utterly without support in the record. *Id.*

Because Appellant challenges the stewardship of trial counsel, we apply the following principles. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

Failure to satisfy any prong of the test will result in rejection of the appellant's claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002). For example, counsel cannot be found ineffective for pursuing a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Similarly, counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. **Commonwealth v. Douglas**, 645 A.2d 226, 231 (Pa. 1994). Finally, when it is clear that an appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. **Commonwealth v. Travaglia**, 661 A.2d 352, 357 (Pa. 1995).

Appellant presents two arguments in support of his ineffectiveness claim. First, he asserts that trial counsel failed to investigate a specific drug dealer implicated by Appellant. According to Appellant, proper investigation would have enabled Appellant to present a persuasive defense that the drugs seized incident to his arrest belonged to another and that Appellant was merely a drug user, not a drug seller. The PCRA court summarized its factual conclusions from the pertinent testimony presented at the evidentiary hearing as follows:

> Sometime before May 27, 2014, [Appellant] and [prior counsel] met to discuss the strategy of the case. At this meeting, [Appellant] mentioned to [prior counsel] that he wished to admit the possession charges, but deny that he was a dealer, despite evidence implying otherwise. Instead, [Appellant] offered that Jessie Krick was a dealer. Recognizing this name, [prior counsel] was forced to withdraw from the case, as Mr. Krick was represented by the Public Defender in an unrelated matter. To

accomplish withdrawal, a motion was filed in the Court. After reviewing the record, the Court now reiterates, in part, what this Motion stated:

> The Public Defender has a conflict in this case. The Public Defender represents an individual named Jessie Krick in an unrelated matter. [Appellant's] defense in this matter specifically implicates Krick. It is alleged representation of [Appellant] would be directly adverse to the representation of Krick under the Pennsylvania Rules of Professional Conduct 1.7(a)(1).

> After receiving this order, [trial counsel] assumed responsibility for the case. Due to confidentiality reasons, he did not confer with [prior counsel]. Additionally, [trial counsel], as he stated during our hearing, "did not know anything about the details of this Mr. Krick Character," but, though somewhat equivocally, recognized the fact that the name appeared on the conflict petition. Therefore, while it is clear that [trial counsel] did not know that Appellant intended to use Mr. Krick in his defense, it is also clear that [trial counsel] never discussed the matter with Appellant, despite his appointment papers "specifically implicating" Mr. Krick in the defense strategy.

PCRA Court Opinion, 12/07/2016, at 4-5 (citations omitted); **see also** PCRA Court Opinion, 04/27/2017, at 6.

The PCRA court concluded that, under the above circumstances, Appellant's ineffectiveness claim had arguable merit. However, the court then concluded that Appellant had failed to establish the prejudice prong of the tripartite ineffectiveness test:

> Here, [Appellant] implies in his testimony that counsel did not have adequate time to prepare, which resulted in a failure to conduct an investigation into Mr. Krick. As reflected above, a reasonable investigation of the record would have revealed to [trial] counsel that [Appellant] wished to implicate Mr. Krick. Yet, despite this oversight, [trial counsel] zealously defended [Appellant] and proceeded on theories he and [Appellant] thought

were most effective for the case [, which was that Appellant was a drug user and not a drug dealer.]

\*\*\*

In the instant matter, [Appellant] has failed to make any specific allegations as to how an investigation of Mr. Krick could rise above the level of a mere allegation. [Appellant] has not presented any evidence that Mr. Krick was willing to confess to the crimes or was implicated by police records. Also, [Appellant] has not offered that anyone, but himself, would have implicated Mr. Krick given the opportunity.

Further undermining [Appellant's] claim of ineffectiveness [] was that at trial substantial evidence of drug dealing [by Appellant] was presented. To reiterate, upon being arrested, the officer's recovered two working cell phones, two blue glassine packets containing heroin, and $83.00 in U.S. currency from [Appellant's] person. Additionally, no paraphernalia typical of a heroin user was recovered on or near [Appellant]. Finally, other officers searched the fountain area and breezeway, where they recovered additional packets of heroin and cocaine. All this evidence tends [to] implicate that [Appellant] was in fact a drug dealer, not just a user. There was substantial evidence for the jury to reach its finding.

In conclusion, the record does not reflect that Mr. Krick ever confessed to being the responsible party, and at the PCRA hearing no evidence was presented to the contrary. [Appellant's] testimony that a different result may have occurred does not overcome the substantial evidence that demonstrates [he] is in fact a dealer. As such, there is no reasonable probability that the outcome of the proceedings would have been different.

PCRA Court Opinion, 12/07/2016, at 6-7 (citations omitted); *see also* PCRA Court Opinion, 04/27/2017, at 7-8.

Our review of the evidence from the PCRA hearing supports the PCRA court's conclusions. In addition to the evidence reiterated by the PCRA court above, we note that the evidence adduced at Appellant's trial established that police surveilled Appellant, observing him engage in a drug transaction. ***See***

*Rodriguez-Saez*, *supra*. Further, Appellant confessed to police that he sold the drugs to support his habit. *Id.* In short, the evidence establishing Appellant as a seller of drugs was overwhelming. Trial counsel cannot be found ineffective where, as here, Appellant cannot establish prejudice. *Travaglia*, 661 A.2d at 357.

In his second argument, Appellant asserts that trial counsel was ineffective for advising Appellant not to testify at trial due to the admissibility of his prior convictions for selling drugs. According to Appellant, "the PCRA Court incorrectly assumed that [his] twelve (12) year-old criminal record would have been admissible if he had testified that he was [merely] a drug user." Appellant's Brief at 6.

Appellant's claim that evidence of his prior convictions for selling drugs was inadmissible given they occurred over a decade ago, is erroneous. As noted by the PCRA Court, "[h]ad Appellant taken the stand and testified that he was exclusively a drug user, … the Commonwealth may have been permitted to rebut this assertion with his prior convictions" because the "Commonwealth may introduce evidence tending to show prior offenses if the purpose is to rebut statements which create inferences favorable to the accused." PCRA Court Opinion, 4/27/17, at 10 (citing *Commonwealth v. Saxton*, 532 A.2d 352, 357 (Pa. 1987)); *see also Commonwealth v. Powers*, 577 A.2d 194 (Pa. Super. 1990). In addition, as noted above, Appellant also had confessed to the police that he sold drugs to support his

- 10 -

addiction. This, too, would have impeached any testimony given by Appellant. Trial counsel cannot be found ineffective for pursuing a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, counsel's advice was reasonable and, in light of the overwhelming evidence, resulted in no prejudice to Appellant. **Douglas**, 645 A.2d at 231; **Travaglia**, 661 A.2d at 357.

For these reasons, we conclude that the PCRA court did not err or abuse its discretion in denying Appellant collateral relief. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2017