J-S14015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLISTER DURRANTE | : | |
| | : | |
| Appellant | : | No. 1096 EDA 2017 |
| | : | |

Appeal from the PCRA Order March 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0618671-1994

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                    **FILED MAY 31, 2018**

Allister Durrante appeals, *pro se*, from the order entered March 6, 2017, in the Philadelphia County Court of Common Pleas dismissing his petition for writ of *habeas corpus*, which the court construed to be a serial, untimely PCRA petition.[1]   Durrante seeks relief from the judgment of sentence of an aggregate term of life imprisonment, imposed on April 25, 1996, following his jury conviction of second-degree murder[2] and related charges.   On appeal, Durrante contends the PCRA court improperly construed his filing to be a PCRA

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 2502(b).

petition when his claim for relief is unavailable under the PCRA. For the reasons below, we affirm.

The PCRA court aptly summarized the relevant factual and procedural history underlying this appeal as follows:

> On October 5, 1995, following a jury trial presided over by the Honorable Eugene H. Clarke, Jr., Allister Durrante [] was convicted of second-degree murder, robbery, kidnapping, false imprisonment, criminal conspiracy, and possessing an instrument of crime. On April 25, 1996, the trial court sentenced [Durrante] to life imprisonment on the murder conviction and a consecutive term of incarceration on the conspiracy and weapons convictions. Following a direct appeal, the Superior Court affirmed the judgment of sentence on May 9, 1997.[2] The Pennsylvania Supreme Court denied *allocatur* on December 1, 1997.[3]

> _____

> > [2] ***Commonwealth v. Durrante***, 698 A.2d 1344 (Pa. Super. 1997) (unpublished memorandum).

> > [3] ***Commonwealth v. Durrante***, 705 A.2d 1305 (Pa. 1997).

> _____

> On December 4, 1998, [Durrante] filed his first *pro se* PCRA petition. Barbara McDermott, Esquire, was appointed, and she subsequently filed a ***Turner***/***Finley*** no-merit letter.[4] The PCRA court subsequently denied the petition on April 10, 2000. Following three separate remands by the Superior Court, the PCRA court again denied the PCRA petition without a hearing on January 17, 2007. On April 30, 2008, the Superior Court affirmed the order denying relief.[5] The Pennsylvania Supreme Court denied allocator on November 25, 2008.[6]

> _____

> > [4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> > [5] ***Commonwealth v. Durrante***, 953 A.2d 827 (Pa. Super. 2008) (unpublished memorandum).

[6] *Commonwealth v. Durrante*, 960 A.2d 836 (Pa. 2008) (table).

_____

On January 14, 2009, [Durrante] filed his second PCRA petition. On October 14, 2009, the PCRA court dismissed the petition as untimely. On July 1, 2010, the Superior Court affirmed the dismissal.[7]

_____

[7] *Commonwealth v. Durrante*, 4 A.3d 705 (Pa. Super. 2010) (unpublished memorandum).

_____

On September 9, 2010, [Durrante] filed the instant *pro se* collateral petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Durrante] was served notice of this court's intention to dismiss his PCRA petition on December 13, 2016. [Durrante] submitted a response to the Rule 907 notice on January 3, 2017. On March 6, 2017, the PCRA court formally dismissed the petition as untimely. On March 23, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 5/24/2017, at 1-2.[3]

Durrante's sole claim on appeal is the PCRA court erred in treating his petition for writ of *habeas corpus* as an untimely filed PCRA petition. Specifically, Durrante asserts he is a "citizen of Trinidad and Tobago," and the Philadelphia police failed to honor the Vienna Convention by notifying the Trinidadian consulate upon his detention for the crimes committed herein. Durrante's Brief at 10. Furthermore, he insists "the only forum with which to raise [this] claim was upon *habeas corpus*." *Id.* at 9.

_____

[3] The PCRA court did not direct Durrante to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 3 -

Our review of the record, the parties' briefs, and the relevant statutory and case law, reveals the PCRA court thoroughly discussed and properly disposed of Durrante's claim on appeal in its opinion. Therefore, we affirm on its well-reasoned basis. **See** PCRA Court Opinion, 5/24/2017, at 2-5 (finding (1) Durrante's claim is cognizable under the PCRA;[4] (2) Durrante's PCRA petition was untimely filed, as his judgment of sentence was final on March 1, 1998;[5] (3) Durrante failed to plead or prove any of the time-for-filing exceptions in the PCRA;[6] and (4) even assuming *arguendo*, the claim was reviewable, Durrante would be entitled to no relief since the relevant provision of the Vienna Convention does not provide a remedy for the violations of that provision).

Accordingly, we affirm the order dismissing Durrante's petition as an untimely filed PCRA petition.

Order affirmed.

---

[4] PCRA Court Opinion, 5/24/2017, at 2.

[5] **See** 42 Pa.C.S. § 9545(b)(1)("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

[6] **See id.** at § 9545(b)(1)(i)-(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/31/18</u>

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

CP-51-CR-0618671-1994 Comm v Durrante, Allister
Opinion

**COMMONWEALTH OF PENNSYLVANIA**



7951139191

**v.**

**ALLISTER DURRANTE**

**CP-51-CR-0618671-1994**
**1096 EDA 2017**

<u>**OPINION**</u>

**TRACY BRANDEIS-ROMAN, J.**

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on September 9, 2010. On March 6, 2017, this court dismissed Petitioner's PCRA petition for the reasons set forth below.

**I. PROCEDURAL HISTORY**

On October 5, 1995, following a jury trial presided over by the Honorable Eugene H. Clarke, Jr., Allister Durrante (hereinafter referred to as "Petitioner") was convicted of second-degree murder, robbery, kidnapping, false imprisonment, criminal conspiracy, and possessing an instrument of crime. On April 25, 1996, the trial court sentenced Petitioner to life imprisonment on the murder conviction and a consecutive term of incarceration on the conspiracy and weapons convictions. Following a direct appeal, the Superior Court affirmed the judgment of sentence on May 9, 1997.[2] The Pennsylvania Supreme Court denied *allocatur* on December 1, 1997.[3]

On December 4, 1998, Petitioner filed his first *pro se* PCRA petition. Barbara McDermott, Esquire, was appointed, and she subsequently filed a *Turner/Finley* no-merit letter.[4] The PCRA court subsequently denied the petition on April 10, 2000. Following three separate remands by the Superior

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Durrante*, 698 A.2d 1344 (Pa. Super. 1997) (unpublished memorandum).
[3] *Commonwealth v. Durrante*, 705 A.2d 1305 (Pa. 1997).
[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1

Court, the PCRA court again denied the PCRA petition without a hearing on January 17, 2007. On April 30, 2008, the Superior Court affirmed the order denying relief.[5] The Pennsylvania Supreme Court denied *allocatur* on November 25, 2008.[6]

On January 14, 2009, Petitioner filed his second PCRA petition. On October, 14, 2009, the PCRA court dismissed the petition as untimely. On July 1, 2010, the Superior Court affirmed the dismissal.[7]

On September 9, 2010, Petitioner filed the instant *pro se* collateral petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of this court's intention to dismiss his PCRA·petition on December 13, 2016. Petitioner submitted a response to the Rule 907 notice on January 3, 2017. On March 6, 2017, the PCRA court formally dismissed the petition·as untimely. On March 23, 2017, the instant notice of appeal was timely filed to the Superior Court.

## II. DISCUSSION

Petitioner's current PCRA petition styled "Writ of Habeas Corpus" was untimely filed and none of the exceptions to the time-bar are applicable. Preliminarily, Petitioner's instant submission seeking habeas corpus relief fell within the ambit of the PCRA because it raised claims potentially remediable under it. As iterated by the Superior Court,

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. *Fahy, supra* at 223–224; *Commonwealth v. Chester*, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013).

---

[5] *Commonwealth v. Durrante*, 953 A.2d 827 (Pa. Super. 2008) (unpublished memorandum).

[6] *Commonwealth v. Durrante*, 960 A.2d 836 (Pa. 2008) (table).

[7] *Commonwealth v. Durrante*, 4 A.3d 705 (Pa. Super. 2010) (unpublished memorandum).

2

Here, Petitioner, a citizen of Trinidad and Tobago, claimed that his criminal proceedings constituted a nullity because his right to consular notification under the Vienna Convention[8] was violated. The PCRA encompasses Petitioner's claim alleging a violation of binding international treaty, as it provides the opportunity for relief where a conviction or sentence resulted from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States...." *Commonwealth v. Oliver*, 128 A.3d 1275, 1281 (Pa. Super. 2015) (citing 42 Pa. Cons. Stat. § 9543(a)(2)(i)). Moreover, the Superior Court has previously addressed consular notification claims that arise under the Vienna Convention within the context of the PCRA. *Id.* (citing *Commonwealth v. Quaranibal*, 763 A.2d 941 (Pa. Super. 2000)). Therefore, because Petitioner did not raise any claims that fell outside the rubric of the PCRA, this court was constrained to review his petition pursuant to the PCRA's dictates.

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

The judgment of sentence became final for PCRA purposes on or about March 1, 1998, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13 (effective January 1, 1990). Petitioner's instant petition, filed on September 9, 2010, was therefore untimely by approximately eleven years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

---

[8] The Vienna Convention, Apr. 24, 1963, [1970] 21 U.S.T. 77, T.I.A.S. No 6820, was ratified by the United States upon the advice and consent of the Senate in 1969. *See Medellin v. Texas*, 128 S.Ct. 1346 (2008).

3

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under subsections 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

Petitioner failed to even acknowledge, let alone prove, the applicability of any of the exceptions to the PCRA's time restrictions.[9] Instead, he simply rejected the applicability of the PCRA. Specifically, Petitioner argued that his consular notification claim falls outside the purview of the PCRA and therefore his petition should be reviewed pursuant to habeas corpus doctrine. *See* PCRA petition, 9/9/10 at 9. Petitioner's erroneous denial of the PCRA's applicability fell woefully short of his obligation to acknowledge the statutory time-bar and fully explain why one of the three statutory exceptions applied.

Even assuming, arguendo, that this court had jurisdiction to review Petitioner's claim, no relief would be due. The U.S. Supreme Court has highlighted the limits of the rights provided by Article 36, the provision of the Vienna Convention at issue:

> Article 36 does not guarantee defendants *any* assistance at all. The provision secures only a right of foreign nationals to have their consulate *informed* of their arrest or detention—not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention.

---

[9] Petitioner's consular notification claim may also have been waived. To be eligible for post-conviction relief, you must plead and prove by a preponderance of the evidence that the issue raised has not been waived. 42 Pa. Cons. Stat. § 9543. An issue is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial ... on appeal or in a prior state post conviction proceeding." 42 Pa. Cons. Stat. § 9544(b). Here, the right of consular notification, which by the terms of the Vienna Convention attaches upon arrest, could have been raised before trial, at trial, on direct appeal, or in Petitioner's first post-conviction petition. Thus, Petitioner's failure to raise this issue at any of these points constituted waiver.

4

*Commonwealth v. Padilla*, 80 A.3d 1238, 1260 (Pa. 2013) (citing *Sanchez–Llamas v. Oregon*, 126 S.Ct. 2669 (2006) (emphases in original)). Furthermore, our Supreme Court has stated that it is not within its purview to devise and impose a remedy for violations of a treaty that does not set forth one. *Commonwealth v. Padilla*, 80 A.3d 1238, 1261 (Pa. 2013). Thus, this court lacks the authority to grant the substantive relief that Petitioner seeks.

## III. CONCLUSION

This court has evaluated an untimely collateral petition filed by Mr. Durrante. Petitioner neither demonstrated that his claims fell outside the ambit of the PCRA nor satisfied an exception to the PCRA's statutory time-bar. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

**BY THE COURT:**

_____
**BRANDEIS-ROMAN, J.**

5