J-S54026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AZSION UPSHUR | : | |
| | : | |
| Appellant | : | No. 238 WDA 2018 |

Appeal from the PCRA Order January 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012739-2012

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 16, 2018**

Azsion Upshur appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing, without a hearing, his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA").  After our review, we affirm.

Upshur was charged with criminal homicide,[1] robbery - serious bodily injury,[2] carrying a firearm without a license[3] and criminal conspiracy (robbery)[4] in connection with the 2011 robbery and shooting of Joseph Boone. At the conclusion of trial, the jury found Upshur guilty of robbery and

_____

[1] 18 Pa.C.S.A. § 2501(a).

[2] 18 Pa.C.S.A. § 3701(a)(1)(i).

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 913(a)(1).

conspiracy to commit robbery, and found him not guilty of homicide. On August 5, 2013, the court sentenced Upshur to an aggregate term of ten to twenty years' imprisonment.

Upshur filed a timely *pro se* motion to modify sentence and a notice of appeal. Upshur filed a counseled Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On February 10, 2015, this Court affirmed judgment of sentence, finding Upshur had waived his claims on appeal. *See Commonwealth v. Upshur*, 120 A.3d 376 (Pa. Super. 2015) (unpublished memorandum).

On August 14, 2015, Upshur filed a timely *pro se* PCRA petition. The court appointed counsel to represent Upshur, who filed a no-merit letter and motion to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). On February 25, 2016, the court filed notice to dismiss pursuant to Pa.R.Crim.P. 907, and, by order dated March 31, 2016, the court dismissed Upshur's PCRA petition. Upshur filed a timely *pro se* notice of appeal and the court appointed current counsel, Rachael Santoriella, Esquire, who filed an amended notice of appeal. This Court reversed and remanded on prior PCRA counsel's ineffectiveness as it was unclear from the record whether Upshur had been properly served with Rule 907 notice to dismiss. *See Commonwealth v. Upshur*, No. 730 WDA 2016 (Pa. Super. filed May 10, 2017) (unpublished memorandum).

On remand, counsel filed an amended PCRA petition on September 18, 2017. The PCRA court considered Uphsur's claims of ineffectiveness of counsel and, on January 23, 2018, the court entered an order denying Upshur relief.[5] This timely appeal followed. Upshur raises the following claims for our review:

> 1. Whether the trial court erred in denying Appellant's [PCRA] petition without a hearing because trial counsel provided ineffective assistance of counsel for advising appellant not to call character witnesses.
>
> 2. Whether the trial court erred in denying Appellant's [PCRA] petition without a hearing because trial counsel provided ineffective assistance of counsel for failing to cross-examine witness Pendleton.
>
> 3. Whether the trial court erred in denying Appellant's [PCRA] petition without a hearing because trial counsel provided ineffective assistance of counsel for failing to request a jury instruction regarding evidence not preserved by the Commonwealth.

Appellant's Brief, at 4.

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified

---

[5] The PCRA court did not file an opinion and, instead, stated in its order that it relied on "the reasons set forth in the Notice of Intention to Dismiss, dated December 11, 2017[.]" Order, 1/23/18.

- 3 -

record. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003). Further, the PCRA provides no absolute right to a hearing, and the post-conviction court may elect to dismiss a petition after thoroughly reviewing the claims presented and determining that they are without support in the record. ***Quaranibal***, 763 A.2d at 942.

First, we note that trial counsel is presumed to be effective and a petitioner has the burden of proving otherwise. ***Commonwealth v. Williams***, 570 A.2d 75, 81 (Pa. 1990). Success on a claim of ineffective assistance of counsel requires the petitioner to rebut the presumption that counsel rendered effective assistance and prove, by a preponderance of the evidence, that (1) the claim has arguable merit, (2) counsel's action or inaction was not based upon a reasonable trial strategy and (3) petitioner suffered prejudice because of counsel's act or omission. ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). The failure to satisfy any one of the prongs requires rejection of the petitioner's claim. ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015). ***See also Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). We cannot consider ineffectiveness claims in a vacuum; rather, petitioner must set forth an offer to prove at an appropriate hearing sufficient facts to allow the reviewing court to conclude that counsel was ineffective. ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981).

The failure to call character witnesses does not constitute *per se* ineffectiveness. In order to establish defense counsel was ineffective for

failing to call witnesses, Upshur must prove: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. **Treiber**, 121 A.3d at 463–64 (quotations omitted). **See Commonwealth v. Brown**, 767 A.2d 576, 581–82 (Pa. Super. 2001). In his amended PCRA petition, Upshur has failed to meet any of these requirements. In fact, Upshur did not identify any witness or attach affidavits from any proffered character witness to his petition. Accordingly, Upshaw has not established this claim. **Pettus**, **supra**. **See Commonwealth v. Carter**, 661 A.2d 390, 396 (Pa. Super. 1995) ("Ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses[.]"); **see also** 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15).[6]

_____

[6] We note, too, that the trial court questioned Upshur on the record regarding his decision not to call character witnesses, and trial counsel requested that he place his own colloquy on the record with respect to his client's decision:

> JUDGE BORKOWSKI: Mr. Upshur, have you talked with Mr. Worgul about this?
>
> DEFENDANT UPSHUR: Yes, sir.
>
> JUDGE BORKOWSKI: Have you had enough time to speak with him about that?
>
> DEFENDANT UPSHUR: Yes.

In his second claim, Upshur argues counsel was ineffective for failing to cross-examine Raymond Pendleton, one of the three participants in the crime. In a statement to police, Pendleton admitted his involvement with Upshur and the third conspirator, Anthony Jefferson. His testimony at trial, however, differed significantly. At trial, Pendleton recanted his statement and testified that he "was forced" to make the statement and was "in fear for his life." N.T. Jury trial, 5/13/13, at 257-70. While the jury was in recess, trial counsel clarified that the Commonwealth's prior offer to Pendleton had been revoked,

_____

> JUDGE BORKOWSKI: You understand he can give you the benefit of his advice but it is your decision and your decision alone whether or not to call character witnesses if they are available?
>
> DEFENDANT UPSHUR: Yes, sir.
>
> JUDGE BORKOWSKI: Have you made a decision whether or not to call character witnesses?
>
> DEFENDANT UPSHUR: Yes, I have. And I am not.
>
> JUDGE BORKOWSKI: All right. Mr. Worgul.
>
> ATTORNEY WORGUL: I would like to place on the record, Azsion, you realize the reason we are not calling character witnesses [and] if we did call character witnesses, for most of the reasons we would call them, [the prosecutor] would then have a chance to confront them with your prior history potentially, and that could look, you know, it might make the character witness look worse than they would help you? Understand that?
>
> DEFENDANT UPSHUR: Yes, sir.
>
> JUDGE BORKOWSKI: Has anybody forced, threatened or coerced you to make this decision, Mr. Upshur?
>
> DEFENDANT UPSHUR: No, sir.

N.T. Jury Trial, 5/13/13, at 457-58.

and that he did not intend on eliciting it as it was no longer relevant. ***Id.*** at 276. When the jury returned, the prosecutor continued direct examination of Pendleton, as a hostile witness:

Q. Did you ever mention to anyone before today that you were forced to do anything?

A. Before today?

Q. Uh-huh. Did you ever tell anyone you were forced to make statements before today?

A. Yes.

Q. Who is it you told?

A. My attorney, but he never responded to me about it.

Q. Now, sir, isn't it true you don't want to testify here today because you don't want to be labeled a snitch?

A. No, sir.

Q. Isn't it true you are fearful?

A. Yes, sir.

Q. Isn't it true that you fear for your family?

A. Yes, sir.

Q. And you fear for your son?

A. Yes, sir.

Q. And is that the only reason why you are changing your story here today?

A. No, sir.

ATTORNEY SCHUPANSKY: I would offer for cross.

JUDGE BORKOWSKI: Mr. Worgul, Ms. Weyandt.

ATTORNEY WORGUL: I have no questions for Mr. Pendleton, Your Honor.

*Id.* at 277-78.

Upshur contends trial counsel should have "explored the fact that a favorable agreement was struck between [Pendleton] and the Commonwealth for his testimony against [him] and that [Pendleton gave up] those concessions promised to him to basically recant" and that this "was incredibly powerful testimony." Amended PCRA Petition, *supra* at 11. Upshur argues that counsel was ineffective for failing to use Pendleton to his advantage. Upshur, however, has failed to establish prejudice. The jury was made aware of the agreement through trial counsel's re-cross examination of the lead detective in this case, Detective Venzale Boose:

> Q. And you are aware of, you know, Mr. Pendleton, of course; correct? You know who he is?
>
> A. I interviewed him, yes, sir.
>
> Q. As was indicated earlier in this trial, you are aware for Mr. Pendleton's testimony he was supposed to receive a plea deal; isn't that correct?
>
> A. I think that was established through the DA's Office, yes, sir.
>
> Q. You were present. You were advised of these things?
>
> A. Yes, sir.
>
> Q. You were involved in it?
>
> A. Yes, sir.
>
> Q. ***As you are aware, that plea deal was if he testified in favor of the Commonwealth, that he would plead to third degree murder and would not have to worry about a conviction for first or second[-] degree murder; correct? . . . [I]f he did what he was supposed to do that he would be pleading guilty to third[-]degree murder; is that correct?***

A. *If he told the truth, yes, sir.*

Q. *And as a result of what happened yesterday on the stand, as you are aware, is it not true that that plea deal is now off the table for him?*

A. With the DA's Office, that's my understanding.

N.T. Jury Trial, *supra* at 5/13/13, at 414-15 (emphasis added).

Although counsel may have been able to highlight this point further by cross-examining Pendleton, the fact is, through Detective Boose's testimony trial counsel brought out the significance of what Pendleton was giving up by recanting. Counsel adequately established the very point Upshur claims counsel surrendered. We conclude, therefore, that Upshur has failed to establish prejudice as a result of counsel's failure to cross-examine Pendleton. *Mason*, *supra*; *Pierce*, *supra*.

In his final issue, Upshur argues counsel was ineffective for failing to request a jury instruction regarding missing evidence. He claims that clothing and DNA evidence from the original suspect taken into custody, Kevin Morgan, may have been exculpatory, and that counsel should have sought an adverse inference instruction from the Commonwealth's failure to produce this evidence.

In order to show ineffectiveness for failure to request a jury instruction, a petitioner must prove he was entitled to the instruction based on the evidence presented at trial. *Commonwealth v. Spotz*, 18 A.3d 244, 299-300 (Pa. 2011). Moreover, petitioner must show how this alleged failure to produce evidence prejudiced him. *Mason*, *supra*.

- 9 -

According to Pennsylvania Suggested Standard Criminal Jury Instruction 3.21(B)(2), "the jury is allowed to draw a common-sense inference that [an] item would have been evidence unfavorable to [a] party" when "there is no satisfactory explanation for [that] party's failure to produce an item," and (1) "the item is available to that party and not the other"; (2) "it appears the item contains or shows special information material to the issue"; and (3) "the item would not be merely cumulative evidence." Pa.S.S.C.J.I. 3.21(B)(2); **see also Commonwealth v. Cristina**, 391 A.2d 1307, 1312 (Pa. 1978) (applying similar standard for missing witness instructions to missing evidence issue).[7]

The PCRA court found that the record indicated the DNA results were inconclusive and they were turned over to defense counsel. Prior to trial, the court was informed that Kevin Morgan[8] had been arrested the day after the shooting and, at the defense's request, a gunshot residue test was performed on him. The results, as noted above, were inconclusive. N.T. Jury Trial, **supra** at 5-10. The prosecutor explained to the court that all discovery requests related to Morgan, including police and lab reports, were provided to defense counsel, albeit late in the discovery process. **Id.** at 13-14, 18-19.

Upshur has not alleged that the Commonwealth withheld this evidence from him or his counsel, nor has he established how this evidence was exculpatory or would have affected the outcome of the trial. Having failed to

_____

[7] We note that the standard jury instructions are not controlling.

[8] Morgan was a suspect for about one month. The charges against him were dismissed prior to his preliminary hearing.

- 10 -

establish that he was entitled to this instruction, we cannot find counsel was ineffective for failing to request it.  *See Mason*, *supra*; *Pierce*, *supra*.

The PCRA court's findings are supported in the record.  We find no error. *See Quaranibal*, *supra*; *Wilson*; *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2018